UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Parkland Estate Homeowner's Association, | Case No. 18-cv-1427 (DWF/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jill McGrand, deceased; and Alex Mehralian, | |
| Defendants. | |

---

Defendant Alex Mehralian, acting on behalf of the estate of Defendant Jill McGrand, seeks to remove this state-court litigation to federal court. He has filed an application to proceed *in forma pauperis* in conjunction with his efforts. [Doc. No. 2.] Because it is clear that the removal was improper and the Court lacks jurisdiction over the resulting action, it is recommended that the matter be remanded to state court.

Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." That said, there are several limitations placed on defendants seeking to remove state-court litigation to federal court. Many of those limitations have not been overcome here.

First, a litigant seeking removal must include, along with his notice of removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Although Mehralian has included many of the documents filed and served in the state-court action [*see* Doc. Nos. 3, 4], he has not included the pleading that initiated the litigation. Without a copy of that pleading, Mehralian cannot demonstrate that there is a basis for federal jurisdiction over the action filed in state court. This mistake is correctable, in that the Court could ask Mehralian to submit a copy of the original pleading as required by § 1446(a), but as explained below, other mistakes cannot be corrected.

Second, Mehralian has not established an adequate basis in his notice of removal for seeking to relocate this litigation to federal court. Mehralian asserts that his action may be removed to federal court because he has asserted a counterclaim in the state-court action seeking relief under federal law. But "[o]nly state-court actions that *originally* could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added). The well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; accord *Capital One Bank (USA) NA v. Mashak*, No. 13-cv-2418 (PJS/FLN), 2014 WL 300971, at *2-3 (D. Minn. Jan. 27, 2014) (collecting cases). Put another way, Mehralian's counterclaims are irrelevant to determining whether this matter may be removed from state court; only the original

2

pleading counts. And Mehralian provides no basis to believe that the state-court action as framed by the original pleading is one "of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), meaning a matter that may be removed.

Third, even if the action *could* have been removed, Mehralian attempted to do so too late. Under § 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The date on which Mehralian and McGrand were served with the complaint is not clear from the record before this Court, but Mehralian unquestionably had received a copy of the initial pleading by no later than March 21, 2018, as he then submitted his counterclaim (on behalf of McGrand) in state court. [*See* Doc. No. 3 at 26.] The notice of removal was not filed in this matter until May 24, 2018, which was 64 days later, and well more than the 30 days permitted under § 1446(b).

In summary, this action may not be removed, and the attempt to do so was too late. Accordingly, the Court recommends that this matter be remanded to state court. Mehralian's application to proceed *in forma pauperis* [Doc. No. 2] should be denied as moot.

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY RECOMMENDED THAT**:

3

1. This matter be **REMANDED** to the Fourth Judicial District Court, Hennepin County, State of Minnesota.

2. Defendant Alex Mehralian's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**.

Dated: June 4, 2018
    s/ *Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).